**Not for Publication**

FILED
JAN 27 2012
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO

In Re:

BENJAMIN RYAN COOPER and
JENNIFER KATHLEEN COOPER,

              Debtor(s)    /

MARK TURMON,

              Plaintiff,

BENJAMIN COOPER,

              Defendant. /

Case No. 10-19727-B-7F

ADVERSARY NO. 10-01283-B

Date:  December 15, 2011
Time:  9:00 a.m.
Dept:  F (5th Floor)
Ctrm:  13
United States Bankruptcy Court
2500 Tulare Street
Fresno, California 93721-1318
**[HONORABLE RICHARD T. FORD**

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

INTRODUCTION

    1. Benjamin Ryan Cooper, defendant and debtor in the above-captioned case, filed with his wife, Jennifer Kathleen Cooper, a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code on August 24, 2010.

    2. The last day to file a complaint objecting to dischargeability of debts under 11 U.S.C. §§523(a)(2), (4) and (6) was November 30, 2010. This Adversary Proceeding was filed November 24, 2010.

    3. Plaintiff, Mark Turmon, timely filed a complaint to determine dischargeability of debt, alleging claims under 11 U.S.C. §523 (a) (2) (A) for fraud and §523(a) (8) for non-

1 dischargeable student loan. Cooper's answer was timely filed.

2     4. On May 10, 2011, the Court dismissed with prejudice the claim under §523 (a) (8) and dismissed without prejudice the complaint under §523 (a) (2) (A) with instructions to plead the claim of fraud with more particularity as required by Federal Rules of Civil Procedure, Rule 9, and Federal Rules of Bankruptcy Procedure, Rule 7009.

    5. On May 13, 2011, Turmon filed a first amended complaint for nondischargeability under §523 (a) (2) (A) for fraud. Cooper timely filed his answer.

    6. Trial was held on December 15, 2011. Attorney David M. Gilmore represented the Plaintiff, Mark Turmon. Attorney Peter B. Bunting represented Defendant, Benjamin Cooper.

## JURISDICTION

    7. Jurisdiction exists under 28 U.S.C. §1334. Venue is proper under 28 U.S.C. §1409. The District Court for the Eastern District of California has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. §157 (a) and United States District Court, Eastern District of California General Orders 182 and 223. This is a core proceeding within the meaning of 28 U.S.C. §157 (b) (2) (I). This is a complaint objecting to the dischargeability of debt under 11 U.S.C. §523 (a) (2) (A). Plaintiff Mark Turmon is a creditor of the estate and has standing to bring this Adversary Proceeding.

## FINDINGS OF FACT

    8. During 2007 all of the parties attended Sierra View Community Church, where Benjamin Cooper was a youth pastor and Mark Turmon's son was a member of the youth group where he worked with Cooper in various activities. Cooper's wife, Jennifer, assisted with that group, and she and Turmon's wife, Tiler, were acquaintances. Turmon's daughter had taken three singing lessons from Jennifer. When Tiler learned that Cooper was having difficulty obtaining a student loan, she thought that Turmon might want to help him to get a school loan in order to finish his education and remain in the same line of work. Turmon is a well-educated and

established business person. Other than church and youth activities, the parties did not socialize and were not close friends.

9. Turmon and Cooper met at Turmon's home where, during a 45 minute conversation, Turmon agreed to co-sign the student loan for Cooper. Although present, Tiler did not sign the guaranty. Mark was told that as long as Cooper was in school, the loan was in deferred status and that no principal payments would be required. Cooper told Turmon that payments would be required when he was not in school, and that he would then make those payments. The default occurred when Cooper received an "F" in a class and was dropped from school.

10. There are three witnesses to the transaction. In July 2007, Cooper approached Mrs. Turmon and ask if she and her husband would co-sign a student loan for him. Tiler said that she would have to talk to Mark as he was the decision maker on all financial situations. Cooper told her that he wanted to go to Fresno Pacific University in Fresno and he wanted to become a Youth Pastor. Mark, Tiler, and Cooper met one time, for forty five minutes at the home of the Turmans. Cooper said he was trying to get a student loan and that he needed a co-signer, that he wanted to further his education at Fresno Pacific to get a pastoral degree or to finish his degree so he could do ministry, and he wanted to do that so he could grow and advance with the church (Sierra View Community Church). Tiler and her husband assumed from the conversation that loan payments would go to the school as needed. However it was never discussed, and they had no idea, that there would be a lump sum payment to Cooper. Tiler testified that had they known that Cooper wanted a personal loan for things, other than just tuition, it would have never taken place. There were no other conversations between the parties until Cooper defaulted. Mark Turman testified that he knew the loan was to be for $35,000 and that the money would be used for tuition for two years at Fresno Pacific. There was no discussion about whether or how the money would be disbursed. (Mark assumed that since his niece had a student load at FSC and SF State, that the money would be disbursed in the same way as it was for her).

11. Mark agreed to co-sign the loan based on the conversation that he had with

Cooper at his home. Mrs. Turmon did not sign the guaranty. Mark had been told that as long as Cooper was in school the loan was in deferred status, and that principal payments are not required. When he is not in school the loan would kick in, and he would have to start making payments. Cooper said he would then make the payments. The default occurred when Cooper got a "F" in a class and was dropped from school.

12. All three witnesses agree that there was only one meeting of the parties prior to the loan being guaranteed, and that it lasted for 45 minutes. All parties agree that Cooper said the money would be used for school at Fresno Pacific University. Mr. and Mrs. Turmon did not know that the loan would be paid in one payment, and Cooper does not specifically recall telling them that. The parties disagree about whether Cooper said the money would be used just for school and not for " school and school related expenses."

## CONCLUSIONS OF LAW

13. The burden of proof in nondischargeability cases is by a preponderance of evidence. <u>Grogan v. Garner</u>, 498 U. S. 279, 289, 111 S. Ct. 654, 651 (1991) The definition of a preponderance of evidence is evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not.

14. This adversary proceeding is brought pursuant to 11 U.S.C. § 523 (a) (2) (A). That section provides that:

> "...a discharge under Section 727,...does not discharge an individual debtor from any debt - ... (2) for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by, - (A) false pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition".

15. To prove a debt nondischargeable pursuant to 11 U.S.C. § 523 (a) (2) (A), a creditor must prove each of the following elements by a preponderance of the evidence;

    A. The debtor made the representation;

    B. That at the time the representation was made, the debtor knew it was false;

C. That the debtor made the misrepresentation with the intent and purpose of deceiving the creditor;

D. That the creditor justifiably relied on the representation; and

E. The damages sustained as a result of the misrepresentations were proximately cause by the debtor's conduct.

See In re Slyman, 234 F.3d 11081, 1085 (9th Cir. 2000); In re Britton, 950 F. 2d 602, 604 (9th Cir. 1991); In re Kirsh, 973 F. 2d 1454 (9th Cir. 1992); In re Sabban, 3884 B.R. 1, (9th Cir. B.A.P. 2008); In re Martinez, 49 Bankr. Ct DC 173 (2008 Bankr. LEXIS 470) C.D. Cal. 2008); In re Felton, 197 B. R. 881 (N. D. Cal. 1996)

## DISCUSSION

16. There is no doubt that there is a debt owing from Defendant to Plaintiff. Currently the debt is $5,354.84. There will likely be additional amounts added to the debt. There is no dispute that the so called representations made by Cooper occurred in the 45 minute conversation at Plaintiff's house in July 2007. This is the time period during which the Court must find that the representation was either true or false, that it was or was not intended to deceive the creditor, and whether there was justifiable reliance by the creditor. There were no written documents setting out the terms of the guaranty, and there were no written notes made by any of the parties. There is only the recollection of the three parties who met back in July 2007 at the home of the Turmons. The representations appear to be (1) a statement by Cooper that he would like Turmon to co-sign or guarantee a school loan for him because he had no other friends or family willing or qualified to guarantee a loan for him; (2) that he would like to go to school (he was not in school at this time) at Fresno Pacific University in Fresno to further his pastoral training; (Cooper testified that he told the Turmons was that he was pursuing a degree in ministry, but admitted he told them he was going to finish his degree so he could actually do ministry); (3) that it was a two year course and that he would pay the money back after graduation. Based on the testimony of the witnesses, no other promises were made by Cooper at this meeting.

17. The Turmans assumed that Cooper was telling the truth when he made the above promises; they assumed that the money would not be paid in a lump sum (this was never discussed ); they assumed that Cooper would remain in school for a two year period beginning when the loan was made.

18. Based upon the evidence before the Court, there is not a sufficient showing that any representations were made that were false or made with intent to deceive anyone. Although Turmon justifiably relied on the statements made by Cooper, he also made assumptions which were not representations of Cooper. Turmon, a well educated and established business person, should have detailed the terms of the loan ( i.e., the representations, in writing or, at a minimum inquire more closely about the loan terms).  That did not happen here and, unfortunately for Turmon, the Court can not find the debt nondischargeable. Turmon has not shown by a preponderance of evidence that Cooper made false representations with the intent to deceive Turmon.

19. Judgment is therefore granted in favor of Cooper. Each party shall bear its own costs and attorneys fees. A separate Judgment will be issued by the Court.

DATED: January __27__ 2012

RICHARD T. FORD, Judge
United States Bankruptcy Court

Service list for 10-1283:

David M. Gilmore, Esq.
GILMORE, WOOD, VINNARD & MAGNESS
P. O. Box 28907
Fresno, CA 93729-8907


Peter B. Bunting, Esq.
2501 West Shaw Ave., Suite 119
Fresno, CA 93711